VANITY FAIR COMPANY *vs.* HENRY W. HAYES, individually and as trustee.

JULY 8, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ..

(1) *Contracts. Option. Forfeiture. Rescission.*

Defendant gave a written option of purchase of the trust property to the X. Co., to be accepted on or before November 1, 1906, providing that $5,000 should be paid at the time of acceptance and balance of $35,000 on or before March 1, 1907; all sums paid to be forfeited if balance not paid according to conditions; but if paid by March 1, 1907, the defendant to give a deed conveying premises in fee-simple; the X. Co. to have the right of occupancy until forfeiture. The fact of defendant's incomplete authority was known to the X. Co. at the time it secured the option. November 1, the X. Co. paid $1,000, and time was extended to November 15, and on that date, it was agreed in writing that the defendant would, on payment of $40,000 by March 1, 1907, convey the premises in fee-simple; $5,000 to be paid upon November 15, with privilege of occupancy until forfeiture; all money paid before March 1, 1907, to be forfeited upon failure to make full payment; the defendant agreeing upon failure to deliver a clear title for more than 30 days after tender of payment, that he would repay all money received.

The X. Company paid $4,000, making the installment of $5,000. On March 1, no further payment having been made, notice to quit was given the X. Company, and on March 9 the defendant submitted a proposition to the X. Company for an option for $40,000, to be paid on or before April 15, 1907, which was accepted by the X. Company, March 16.

May 20, defendant filed petition in Superior Court for leave to sell the property, and decree was entered authorizing sale June 28, 1907; July 2, defendant

tendered deed in fee-simple and demanded payment of the $40,000, and the money was paid July 3. From November 19, 1906, the date of the $4,000 payment to July 3, 1907, the X. Company had never tendered payment of the purchase money and never demanded a deed, and they had been in actual continuous occupancy of the premises.

On action brought by the X Company to recover the payments of $1,000 and $4,000, plaintiff contended the agreement of November 15, 1906, was void for want of mutuality; that defendant, by reason of inability to convey a clear title March 1, 1907, was barred from declaring a forfeiture of the deposit; and that, by reason of inability of defendant to convey a clear title on March 1, 1907, plaintiff was entitled to recover back the deposit:—

*Held,* that the contention of lack of mutuality was overcome by the action of the parties in part performance of their respective obligations.

*Held,* further, that the agreement must be construed that the price was to be tendered and deed demanded, and then defendant had 30 days to complete title; *but* the money must be tendered or paid by plaintiff, on or before March 1, 1907.

*Held,* further, that the covenant for the forfeiture of the $5,000 was binding on plaintiff.

*Held,* further, that the occupancy of the premises by plaintiff was a consideration for the $5,000 payment.

*Held,* further, that the continued occupancy by plaintiff, after March 1, 1907, was conclusive that the contract was not rescinded on that date.

ASSUMPSIT.   Heard on certification on agreed statement of facts.

BLODGETT, J.   To this action of assumpsit to recover the sum of $5,000 for money had and received, and interest, the defendant pleaded the general issue in the Superior Court, and thereupon the court certified the cause here to be heard and determined on an agreed statement of facts, under the provisions of section 477 C. P. A.

The material provisions of the agreed statement of facts are as follows: December 15th, 1898, the defendant received a trust deed of certain property in the town of East Providence, R. I., from Pedro del Valle Halsey, the property to be held in trust for persons therein named. The instrument gave him power to manage the property and, if possible, to sell the same, provided the written assent of all the beneficiaries or their legal representatives could be obtained. The trust instrument

provided also for the various proportions of the estate to which each beneficiary should be entitled, and was duly recorded.

October 25th, 1906, Hayes as trustee gave a written option of the purchase of the trust property to the Vanity Fair Company, a corporation organized under the laws of this State and located in the city of Providence, which option was to be accepted by the corporation on or before November 1st, 1906. The agreement contains the conditions under which the property was to be sold, as follows: "Provided that this option shall be accepted, in writing, by said company, on or before November 1st, 1906, at one o'clock P. M., at the office of William H. Herrick, Banigan Building, Providence, Rhode Island. The conditions under which this offer to sell is made being as follows: That upon and at the time of the acceptance of said offer the said The Vanity Fair Company shall pay to said Hayes, trustee, the sum of five thousand (5,000) dollars, cash, and agree to pay the remaining sum of thirty-five thousand ($35,000) dollars on or before the first day of March, 1907, with interest upon said balance at the rate of five per cent. per annum from said first day of November, 1906, to the date of payment; that if the balance of said sum of forty thousand dollars due after the payment to be made on the first day of November, 1906, shall not be paid, with interest as aforesaid, by said first day of March, 1907, that the sums theretofore before, to wit, the first day of March, 1907, paid to said Hayes by said company shall be forfeited, without right in said company to recover the same; that if, however, the said The Vanity Fair Company shall on or before said first day of March, 1907, pay the full sum of forty thousand dollars, with interest as aforesaid, to the said Hayes, that the said Hayes will thereupon give a deed, conveying the fee simple in said premises to said The Vanity Fair Company. And the said Hayes further agrees that providing the said the Vanity Fair Company accepts the offer herein made, and pays said sum of five thousand dollars as hereinbefore provided, that he will permit said company to occupy said premises immediately thereafter, and improve the same, until such time as said company may forfeit the right to

use said premises by the non-payment of the amount of the purchase money as hereinbefore set forth."

The next day defendant wrote to one Caldwell, the attorney for certain beneficiaries under the trust instrument, residents of the State of North Carolina, setting out the facts and asking for the written assent of those beneficiaries to the sale of the property, and stating that, if the permission were not given voluntarily, it would be necessary to get the authority from a court of equity. The fact of defendant's incomplete authority was known to the Vanity Fair people before they secured the option. A few days later, word was received from Caldwell that there would be no objection to the sale of the property, and that the necessary papers would be drawn up and forwarded in a short time. The contents of this letter were made known to the plaintiff company.

November 1st, 1906, the date on which the option was to expire, the Vanity Fair Company paid $1,000, and defendant indorsed upon the option agreement that, in consideration of the sum paid, the time for acceptance was extended to November 8th. On November 8th, 1906, defendant telegraphed to Caldwell asking for the papers. This fact was known to the plaintiff. It does not appear that any answer was ever received to the telegram. The time for acceptance was further extended to November 15th.

On November 15th, 1906, defendant, as trustee, and the Vanity Fair Company entered into an agreement, in writing, for the sale of the property. The agreement provided in part, as follows: "That said trustee, in consideration of the sum of one (1) dollar to him paid by said company, the receipt whereof is hereby acknowledged, and other valuable considerations moving him hereto, does hereby covenant and agree with said company that he will, on the payment to him of the sum of forty thousand (40,000) dollars, by said company, on or before the first day of March, A. D. 1907, with interest upon all of said amount in excess of five thousand dollars at the rate of five per cent. per annum from November 1st, 1906, to the date of final payment, execute and deliver a good and sufficient con-

veyance, in fee simple, of the property hereinafter described, to said company, its successors and assigns," describing the premises.

"And the said trustee does further agree with said company that upon the payment to him of the sum of five thousand dollars, upon the 15th day of November, 1906, which said sum he hereby agrees may be considered as a part of the forty thousand dollars and interest as aforesaid to be paid on or before March 1st, 1907, he will permit said company to occupy said described premises and improve the same, until such time as said company may forfeit the right to a conveyance of said premises by the non-payment of the amount of the purchase money as hereinabove set forth.

"And the said company, in consideration of the premises and of the agreements made by said trustee, does hereby covenant and agree with said trustee that it will pay to him, on or before the first day of March, 1907, the sum of forty thousand dollars, with interest as aforesaid, as the purchase price of the afore-described premises; that if it shall fail to make the full payment of forty thousand dollars, with interest as aforesaid, to said trustee as aforesaid, to wit, on or before the first day of March, 1907, it will forfeit to said trustee all sums of money theretofore paid to said trustee by said company, and all improvements of whatever nature made upon the premises hereinabove described up to the time of said forfeiture; and that it will not lay claim to any return of said money or to any equity in said property or to the improvements thereon.

"Said trustee, in consideration of the premises, hereby covenants and agrees with said company that if said trustee fails to deliver a deed conveying to said company a full and clear title, in fee simple, of said premises, for more than thirty days after said company shall tender payment as aforesaid and demand a deed of said premises, he will repay to said company the said five thousand dollars already paid, with interest at the rate of five per centum thereon from the first day of November, A. D. 1906, and said company shall have the right to remove all structures or movable improvements of any kind or nature

placed or erected by it upon said premises while in the possession thereof.

"It is expressly stipulated by the parties hereto, that, in case of failure by said company to pay the purchase price in manner aforesaid, or in case of failure of said trustee to give a full clear deed in fee simple as requested by said company in manner provided herein, no action for damages shall be brought by either party on account of said breach."

November 19th the Vanity Fair Company paid $4,000, which, with the previous payment of $1,000, made up the first instalment of five thousand dollars, and took a receipt for the same signed, "Henry W. Hayes, Trustee."

March 1, 1907, no further payments had been made by the plaintiff; whereupon, the following day, defendant gave written notice that the company could no longer occupy the premises unless a new agreement was made with him, as follows:

"PROVIDENCE, March 2, 1907.
"THE VANITY FAIR COMPANY,
    "316 Banigan Building,
        "Providence, R. I.

"GENTLEMEN:—Your company having failed to perform its part of the agreement made with me, as trustee, by a written instrument dated November 15, 1906, I hereby give you formal notice that you can no longer occupy the premises described in said agreement, without making a new agreement with me. And you are consequently hereby required to vacate said premises forthwith.

"Yours truly,
"(Sgd.)                    "HENRY W. HAYES,
                                "Trustee."

The agreed statement continues as follows: "On March 5, 1907, at a conference at the office of Mr. Hayes, at 4 o'clock P. M., with William H. Herrick, the broker through whom the parties had originally met, and Justin W. Wharff, the vice-president and authorized representative of The Vanity Fair Company, Mr. Hayes agreed to allow matters connected with

the occupancy of the premises to remain in statu quo for a few days longer. Mr. Hayes distinctly told Mr. Wharff that the notice to quit which had been given was fully in force, and that Mr. Hayes simply should not know personally that Wharff had any workmen upon the premises for a few days at least; the intention being to allow Wharff a few days to see whether or not his company could be reorganized and the money for the purchase of the land obtained. If that could not be done, he was to vacate the premises or Mr. Hayes was to have the privilege of ejecting him, as though they had not had said conference."

On March 8, 1907, Wharff made a proposition to said Hayes, as trustee aforesaid, for the payment of the purchase price in instalments during the following summer.

On March 9, 1907, said Hayes, as trustee as aforesaid, signed and sent to The Vanity Fair Company a letter, of which the following is a copy:

"PROVIDENCE, March 9, 1907.

"THE VANITY FAIR COMPANY,
  "316 Banigan Building,
    "Providence, R. I.

"GENTLEMEN:—I have carefully considered the proposition which your representative made to me yesterday, and have decided that it is not proper for me, as trustee, to make any such arrangement. I will, however, make the following proposal:

"In consideration of the surface and sub-soil improvements made and to be made upon the Hauterive property by you, I am willing to give you an option for the purchase of that property, a description of which is contained in our former agreement, for the sum of forty thousand ($40,000) dollars cash, to be paid on or before April 15, 1907, you in the meantime to have the privilege of continuing to make such improvements upon the property as you may desire; provided that in case of your failure to pay said price of $40.000.00 by said April 15, 1907, you shall forfeit all surface and sub-soil improvements, together with any fences which may have been or may be erected upon said

premises, and that all other superstructures shall be removed without delay.

"Very truly yours,

"(Sgd.)                      "HENRY  W.  HAYES,

"*Trustee.*"

On March 15, 1907, said Hayes, as trustee as aforesaid, signed and sent to The Vanity Fair Company a letter, of which the following is a copy:

"PROVIDENCE, March 15, 1907.

"VANITY FAIR COMPANY,

"316 Banigan Building,

"Providence.

"GENTLEMEN:—Although nearly a week has passed since I submitted a proposition to you by letter, I have as yet received no reply from you.   If the proposition which I made is agreeable to you, I must know that fact immediately so that we can sign a suitable agreement relative to the matter.   Otherwise, I must take possession of the property at once and get it ready for sale in parcels.

"Very truly yours,

"(Sgd)                      "HENRY  W.  HAYES,

"*Trustee.*"

On March 16, 1907, The Vanity Fair Company signed and sent to said Hayes, as trustee as aforesaid, a letter of which the following is a copy:

"PROVIDENCE, R. I., March 16, 1907.

"MR. HENRY W. HAYES,

"Providence, R. I.

"DEAR SIR:—Your communication of the 15th to hand.

"The proposition made in your communication of the 9th is acceptable to this company and if you will send us a suitable agreement we will have same executed by the duly authorized officers of this company.

"Yours very truly,

"THE  VANITY  FAIR  COMPANY.

"(Sgd.)      J.  W.  WHARFF,

"*Vice-President.*"

May 20th defendant filed a petition in the Superior Court for Providence county, asking leave to sell the property. The petition was heard in part on June 18th, and continued until June 28th, 1907, at which time a decree was entered authorizing the sale. The decree provided that the sale was not to conflict with an injunction issued in a certain case of *Fogarty* v. *Hayes*, but as this injunction was dissolved on July 1st, its consideration is not important.

On July 2nd, 1907, defendant tendered a deed in fee-simple and demanded the sum of $40,000. The deed stated that the consideration thereof was $40,000 in "cash." The same day John J. Banigan communicated with defendant by the following letter:

"PROVIDENCE, July 2, 1907.

" HENRY W. HAYES, ESQ., *Trustee,*

    " Providence, R. I.

" DEAR SIR:—In consideration that you will forbear to commence proceedings for the recovery of possession of the Halsey Farm property now occupied by The Vanity Fair Company, until Monday, the eighth instant, I hereby guarantee that the sum of $40,000.00, in cash or in a certified check, will be paid to you by the Vanity Fair Company, on or before the eighth instant in return for the trustee's deed tendered to The Vanity Fair Company by you this morning, July 2nd.

" Very truly yours,<br>"(Sgd)     JOHN J. BANIGAN."

July 3rd, the deed was delivered and the money paid to Hayes. From November 19th, 1906, the date of the $4,000 payment, to the third of July, 1907, the Vanity Fair Company had never "tendered payment" of the purchase money or any part thereof, and never "demanded a deed of said premises," and they had been in actual, continuous possession of the premises, and this action is brought to recover the $1,000 paid November 1, 1906, and the $4,000 paid November 19, 1906.

The plaintiff bases its right to recover back the part payment of $5,000 and interest, upon the following grounds:

(1)   That the agreement of November 15, 1906, was void for want of mutuality.

(2)   That the defendant, by reason of inability to convey a full clear title in fee-simple on March 1, 1907, was barred from declaring a forfeiture of the deposit made on said agreement of sale.

(3)   That the plaintiff, by reason of the inability of the defendant to convey a full, clear title in fee-simple on March 1, 1907, is entitled to recover back the deposit made on said agreement of sale.

The questions thus stated at some length in the agreed statement are readily resolved by an examination of the agreed facts and the principles of law applicable thereto.   The contention of lack of mutuality is clearly overcome by the action of the parties in part performance of their respective obligations.

The respondent agreed to convey the property within thirty days after tender of the purchase price and demand for a deed, and he also agreed to put the complainant in possession of the premises upon payment of $5,000 on November 15, 1906.   The complainant paid the money and the respondent gave possession as agreed, but the remainder of the agreement was not performed, and hence this controversy, which resolves itself largely for determination into an answer as to which party made default on March 1, 1907.

To this question the answer must be that the plaintiff herein made default.   The agreement must be construed that the price was to be tendered and deed demanded, and that then the defendant had thirty days to complete his title.   It was known to the plaintiff that he did not have complete right to convey at the time of the making of the agreement, and it was known, too, that it would take some little time to complete his right.   On the other hand, it is obvious that the defendant had no interest, inasmuch as he was under no obligation to institute measures for the completion of his right, until and unless the plaintiff should succeed in raising the purchase price and exercise its option,— not the option of the defendant—and call for a deed.   The defendant is nowhere required to deliver a deed on or before

March 1, 1907, and it is clear that the defendant was to h'ave thirty days from the day of tender, whenever or how late that might be within the prescribed period, for the delivery of the deed. But it is equally indisputable that the obligation was absolute, if the option was to be of any validity, that the money should be tendered or paid by the plaintiff on or before March 1, 1907.

This being so, it follows that the plaintiff's express covenant, above set forth, that upon failure to pay $40,000 by March 1, 1907, it should forfeit the $5,000 theretofore paid, is still binding upon the plaintiff. But there is a yet stronger reason why this is so. The $5,000 in. question was paid upon the express consideration that defendant would permit the plaintiff to occupy the premises until the plaintiff should forfeit its right to a conveyance by non-payment of the balance of the purchase money as set forth in the agreement. And the company at once entered into possession and continued in possession until after March 1, 1907. It can not now be heard to say that it has had no consideration for the $5,000 so paid. And the continued possession of the plaintiff after March 1, 1907, is conclusive that the contract was not rescinded on that date as claimed by it. There can not be rescission and performance at the same time. Neither is a rescission consistent with an enjoyment of the benefits of the contract when enjoyed upon the express terms of such contract. And in conclusion, when the property was finally conveyed to the plaintiff, it is perfectly clear that both parties considered the $5,000 as forfeited, inasmuch as no reference to it was made in the settlement then reached.

The case is remitted to the Superior Court with direction to enter judgment for the defendant.

*Barney and Lee, J. W. Hogan, P. S. Knauer,* for plaintiffs.
*Edwards and Angell,* for defendant.
*Harold W. Thatcher, Walter F. Angell,* of counsel.